TIRABASSI, Appellee,

v.

NORMANDY TOWERS APARTMENTS, Appellant.

[Cite as *Tirabassi v. Normandy Towers Apts.* (1997), 122 Ohio App.3d 635.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72158.

Decided Sept. 22, 1997.

*Paul H. Hentemann*, for appellee.

*Reid, Berry & Stanard* and *Timothy T. Reid*, for appellant.

---

*Per Curiam.*

This appeal was filed and briefed as an accelerated appeal pursuant to Local R. 25 of this court.

Normandy Towers Apartments, defendant-appellant, appeals a decision from the trial court denying its Civ.R. 60(B) motion to vacate a default judgment

rendered in favor of Lola Tirabassi, plaintiff–appellee, in her negligence action. Normandy Towers assigns the following two errors for our review:

"I.   The trial court erred to the prejudice of defendant–appellant in granting a default judgment in favor of plaintiff–appellee where plaintiff had granted an extension to answer to defendant–appellant and no notice of default was served on defendant.

"II.   The trial court erred to the prejudice of defendant–appellant in failing to grant relief from default judgment under Civil Rule 60(B)."

In compliance with App.R. 11.1, we conclude that the trial court properly denied the motion.   For the reasons set forth below, we affirm the decision of the trial court.   The apposite facts follow.

Lola Tirabassi was injured on August 12, 1995, while riding in an elevator, when an overhead plastic light cover fell and hit her on the head.   On November 14, 1996, Tirabassi filed a negligence action against Normandy Towers, alleging that they had negligently failed to properly maintain the elevator.

On December 27, 1996, the trial court issued the following journal entry:

"Case called:  Defendant not appearing, Court finds defendant in default of answer and this cause is set for trial on the active list for evidence."

On December 30, 1996, the case was called to trial.   Normandy Towers did not appear.   Tirabassi filed copies of her hospital records and a copy of a letter from Coti Voegtler of Travelers Indemnity Company (Normandy Towers' insurance carrier) to Tirabassi's trial counsel, Paul Hentemann.   In the letter, Voegtler wrote, "This will acknowledge receipt of your voice mail message of November 22, 1996, in which you granted an extension of time to answer the suit filed by your client."

In a journal entry dated December 30, 1996, the trial court issued the following order:

"Case called;  plaintiff in court;  defendant not, trial had.   Judgment for plaintiff against defendant for $7500.00 and costs."

On January 24, 1997, Normandy Towers filed a Civ.R. 60(B) motion to vacate the default judgment, arguing that the trial court erred in issuing the default judgment in light of the extension agreed to by Tirabassi.   Normandy Towers also argued that it had no notice of the default.

In Tirabassi's brief in opposition to defendant's motion to vacate, Hentemann, Tirabassi's trial counsel, admitted that he had agreed to extending time for

Normandy Towers to file its answer. However, Hentemann also stated that the last settlement offer by Normandy Towers' insurance carrier had been rejected.

On February 3, 1997, the court denied the motion to vacate. This appeal followed.

The central issue of both assignments of error concerns Civ.R. 60(B); therefore both assignments will be discussed concurrently. Pursuant to Civ.R. 60(B), Normandy Towers sought relief from the trial court's default judgment in favor of Tirabassi based on Normandy Towers' failure to answer. Normandy Towers argues that because it was granted an extension to answer, which was verified in writing, it was not in default.

The standard of review of a Civ. R. 60(B) motion is abuse of discretion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) [it] has a meritorious defense or claim to present if relief is granted; (2) [it] is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *Id.* at paragraph two of the syllabus.

Normandy Towers meets the third requirement, as it filed its motion on January 24, 1997, a few weeks after the trial court made its final ruling. The question, now, is whether the trial court abused its discretion regarding the other two requirements.

Normandy Towers did not specify the section of Civ.R. 60(B) under which it sought relief. In its motion to vacate the default judgment, Normandy Towers stated that it did not file an answer to the complaint because it agreed to an extension to file its answer with Tirabassi's counsel. We interpret its argument as a claim of excusable neglect under Civ.R. 60(B)(1). However, a review of the record indicates that no valid extension was obtained.

Local Rule 8(C) of the Court of Common Pleas of Cuyahoga County, General Division states as follows: "[P]arties may obtain an extension of time, not to exceed thirty (30) days in which to answer, * * * by filing with the clerk a written stipulation * * *. The stipulation shall affirmatively state that no prior extension has been granted."[1] A valid stipulated extension of time exists when three things occur: (1) a written agreement between the parties must be filed

---

1. Under R.C. 1901.21, unless otherwise specified, the rules of civil procedure in municipal courts shall be the same as in courts of common pleas.

with the clerk, (2) the agreement must state the length of the extension, and (3) the agreement must state that no prior extension has been granted.

According to this rule, the extension upon which Normandy Towers relied was invalid. Although the agreement was in writing, it was not filed with the clerk until December 30, 1996, three days after the trial court declared a default judgment. Also, the letter did not state the length of the agreed extension, which could not exceed thirty days. Furthermore, the letter did not state that no prior extension had been granted, as required. Because the extension was invalid, we cannot conclude that Normandy Towers' neglect to timely file its answer was excusable.

■ Furthermore, under *GTE*, an essential requirement for Civ.R. 60(B) relief from judgment is the existence of a meritorious defense. Normandy Towers did not raise any defense to Tirabassi's claim. Normandy Towers argued only that it believed it had valid defenses to the complaint, that it relied on an agreed extension, that it never received notice that the extension had been withdrawn or waived, and that had it known that the extension had ended, it would have appeared in court and asserted all defenses available. Although Normandy Towers said it believed it had valid defenses, Normandy Towers never said what those defenses were. Normandy Towers in no way stated a meritorious defense in its motion. Since the existence of a meritorious defense is an essential requirement for Civ.R. 60(B) relief, the trial court properly denied Normandy Towers' motion to vacate.

*Judgment affirmed.*

BLACKMON, P.J., MATIA and O'DONNELL, JJ., concur.