JOURNAL ENTRY AND OPINION OF DECISION
Appellants Ed Breuer Co., Ohio Machinery Co., Joe Metker Enterprises, Inc., and Joseph Metker (collectively "Metker") claim Judge Janet R. Burnside erred in granting the Motion to VacateDismissals Pursuant to Civ.R. 60(B) filed by appellee Virginia Stickler, as administratrix of the Estate of Michael Lee Stickler. The various parties assert an abuse of discretion in granting the motion on the basis of lack of excusable neglect, lack of meritorious claim and lack of timeliness in seeking relief. We affirm in part, reverse in part and remand.
On August 29, 1996, Stickler's son, Michael, was employed by Metker at a job site in Marlboro Township, Stark County, and was alone, handfeeding brush into a Morebark EZ Chipper #2500 manufactured by Breuer and distributed by Ohio Machinery. The tree chipper had been in use by Metker for about a month. A handle that raised and secured a removable guard, used when employees hand fed the chipper, had been damaged and was removed by Metker weeks earlier. Somehow Michael Stickler entered the machine and was killed.
On January 24, 1997, Stickler filed two identical complaints against Breuer, Ohio Machinery and Metker: one in Stark County Common Pleas Court at 11:34 a.m. (No. 1997CV-00738), the other in Cuyahoga County Common Pleas Court at 9:27 p.m. (No. 329328). In Count I Stickler alleged negligence, defective design, failure to warn, and strict liability in tort against Breuer; negligence and strict liability against Ohio Machinery; and intentional tort against Metker. Count II contained an action for wrongful death.
In Stark County No. 1997CV-00738, service was perfected upon Metker on February 4, 1997; upon Ohio Machinery on February 6, 1997; and upon Breuer on February 10, 1997. Breuer filed an answer and jury demand in that action on March 7, 1997. In Cuyahoga County Case No. 329328, service was perfected upon Metker on February 14, 1997, upon Ohio Machinery on February 17, 1997, and upon Breuer February 18, 1997.
The docket in No. 329328 reveals the following: On March 12, 1997, Metker filed a motion to dismiss or transfer venue pointing out the pending Stark County action; on March 17, 1997, Ohio Machinery filed its answer and a motion to dismiss or transfer venue on the basis of forum non conveniens; and on March 18, 1997, Breuer filed a motion to dismiss or, in the alternative, a stay based upon the pending Stark County action.
Stickler filed a Civ.R. 41(A)(1) on March 18, 1997, in Stark County No. Case 1997CV-00738 as to all defendants. The certificate of service indicates it was served upon "all counsel of record this 7th day of March, 1997."
On April 3, 1997, Judge Burnside denied Ohio Machinery's motion to transfer and Metker filed a response to Stickler's brief in opposition to Metker's motion to dismiss. Stickler's brief, however, is not part of the record and its filing is not recorded on the docket. On June 6, 1997, the judge granted Breuer's March 18, 1997 motion to dismiss indicating that it was unopposed. On July 28, 1997, the judge entered the following order:
 plaintiff and counsel did not appear for PT after notice; case dismissed for failure to prosecute. Final.
Nothing on the docket reflects an entry or order scheduling such pretrial nor notice of any sanction for failure to appear.
One year later, on July 28, 1998, Stickler filed a Motion toVacate Dismissals Pursuant to Civ.R. 60(B). In her supporting memorandum she asserted that the dismissals should be vacated because her lawyer "inadvertently and mistakenly" thought that the June 6, 1997 order had dismissed the complaint as to all of the defendants, not just Breuer. In his affidavit attached to the motion, her lawyer claimed to have filed a "motion in opposition" to all the motions to dismiss in No. 328328, through which he claims to have advised the judge that the Stark County case had been dismissed and that No. 329328 was the only pending action. He indicated that he was "without understanding as to why that motion did not appear on the Court's docket." A copy of the "motion in opposition" was not attached to the motion to vacate nor was the date of the alleged filing disclosed in the affidavit.
With regard to the June 28, 1997, dismissal for failure to appear at a pretrial, Stickler asserted Civ.R. 60(B)(1) "mistake" and "excusable neglect" by her lawyer on the basis that "he believed [it] had been canceled" because of the June 6, 1997 order. In the alternative, she claimed to be entitled to relief under the "catch all" provision of Civ.R. 60(B)(5) "for any other reason justifying relief from judgment."
Stickler further contended that she had a meritorious claim, supporting this assertion with reports from the Occupational Health and Safety Administration (OSHA) Narrative and Citation about the incident. Her lawyer's affidavit indicates that the reports noted "deficiencies in maintaining required OSHA programs, including accident prevention plans, site inspections, and employee training." The affidavit failed to mention Metker's removal of a safety guard noted by OSHA.
On August 7, 1998, Metker filed a Memorandum ContraPlaintiff's Motion to Vacate Judgment.[1] Metker argued that nothing in the order dismissing Breuer could lead a reasonable person to conclude that all of the defendants had been dismissed. Metker also argued that despite the fact that No. 328328 had been dismissedwithout prejudice, Stickler had not refiled the action and that her lawyer's conduct could not be considered "excusable neglect."
In an order journalized August 12, 1998,[2] the judge granted Stickler's Motion to Vacate Dismissals, without further explanation and set a pretrial for September 8, 1998.[3] All defendants appealed this order.
In these consolidated appeals, the defendants generally claim the lack of basis, under Civ.R. 60(B), to grant Stickler relief from judgment from either dismissal order. Ohio Machinery and Metker argue that the motion was not filed within a "reasonable time," that Stickler does not have a meritorious claim, that her lawyer's "misunderstanding" of the significance of the order granting Breuer's motion to dismiss and failure to attend the pretrial does not constitute mistake or excusable neglect under Civ.R. 60(B)(1), and that the "catch all" provision of Civ.R. 60(B)(5) does not apply to this case. Breuer submits similar contentions but separates itself by noting that Stickler exceeded the one year time limitation under Civ.R. 60(B)(1) in seeking relief from the June 6, 1997 order dismissing it from the suit.
As the judge did not explain either under what section of Civ.R. 60(B) she based her determination or facts upon which she supports it, we are constrained to analyze the propriety of granting Stickler relief from judgment under both Civ.R.(B)(1) and (5). To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate the following:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated, in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. [GTE Automatic Elec., Inc. v. ARC Industries, Inc., (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus; Tirabassi v. Normandy Towers Apts., (1997) 122 Ohio App.3d 635, 638, 702 N.E.2d 506.]
These requirements for relief under Civ.R. 60(B)(1), (2) or (3). not more than one year after judgment, order etc. are independent and in the conjunctive, not the disjunctive. GTE Automatic Elec.,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 151,351 N.E.2d 113; Lohman, 5 Ohio St.3d at 66. Civ.R. 60(B) is a remedial rule that should be construed liberally, Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102, but the movant's failure to satisfy any of these three requirements will result in a denial of the request for relief from judgment, Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.
The movant is required "to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." Id. at 20-21. ("A mere allegation that the movant's failure to file a timely answer was due to `excusable neglect and inadvertence,' without any elucidation, cannot be expected to warrant relief."). The movant may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. Doe. v. Trumbull Cty. ServicesBd. (1986), 28 Ohio St.3d 128, 502 N.E.2d 605, paragraph two of the syllabus.
Civil Rule 60(B)(1) provides that a judge "may relieve a party or his legal representative from a final judgment, order or proceeding for * * * mistake, inadvertence, surprise or excusable neglect [.]" "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply." Kay,76 Ohio St.3d at 20. The Supreme Court has defined it "in the negative," stating that "inaction of a [movant] is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Id., quoting GTE Automatic Elec., Inc.,47 Ohio St.2d at 153; Rose Chevrolet, Inc., 36 Ohio St.3d at 21 fn. 4.
For purposes of a motion requesting relief pursuant to Civ. R. 60(B)(1), (2), or (3), the motion may be filed within one year but it is still subject to the "reasonable time" proscription. Adomeitv. Baltimore (1974), 39 Ohio App.2d 97, 106, 316 N.E.2d 469;Cleveland v. Johnson (Apr. 25, 1991), Cuyahoga App. No. 58367, unreported No. 1991 WL 64334. What constitutes "reasonable time" for filing the motion under Civ.R. 60(B) depends upon the facts of the case. This court has found a request for relief untimely where the movant has failed to explain a significant lapse in time between the date of a properly noticed judgment from which the relief is sought and the date of filing of the Civ.R. 60(B) motion.Johnson, supra; see, also, Doyle v. Doyle (Oct. 9, 1998), Green App. No. 97 CA 143, unreported, and cases cited therein.
The standard of review for an order granting a Civ.R. 60(B) motion for relief from judgment is abuse of discretion. Tirabassi,122 Ohio App.3d at 638. Abuse of discretion connotes more than an error of law or of judgment: it implies that a judge held an unreasonable, arbitrary, or unconscionable attitude. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
In the present case, Stickler has not explained the reasons why her lawyer waited one year to straighten out his alleged "misunderstanding" about the Breuer dismissal entry. In light of the fact that the judge had denied Ohio Machinery's request to dismiss the action based upon the doctrine of forum non conveniens
on April 3, 1997, we have difficulty understanding why Stickler's lawyer interpreted the language of the June 6, 1997 order as dismissing the entire case: "Defendant Ed Breuer Co.'s Motion to Dismiss is not opposed, and is granted. Partial."[4] Moreover, because the duplicative Stark County complaint had been voluntarily dismissed in March, it is logical to conclude that had Stickler's lawyer believed the June order was a dismissal of the entire case, he would have filed a timely appeal. See App.R. 4(A). Furthermore, once Stickler's lawyer received notice of the July 28, 1997 order dismissing the action without prejudice for failure to attend a pretrial, he would have known that the previous order did not dismiss the entire case.[5] Thus, he knew as of the date he received the notice of the July Civ.R. 41(B)(1) involuntary dismissal that his previous assumption about the status of the case was incorrect.
Despite this knowledge, Stickler did not act until over thirteen months from the June 6, 1997 order dismissing Breuer, and one year from the July 28, 1997 order dismissing the action against Ohio Machinery and Metker, to request relief under Civ.R. 60(B). Stickler failed to offer any explanation to elucidate why she waited this substantial period of time and, thereby, failed to establish the "reasonable time" element necessary for Civ.R. 60(B)(1) relief under GTE Automatic test. Johnson, Cuyahoga App. No. 58367; see Rose Chevrolet, 36 Ohio St.3d at 20.
The Supreme Court noted, in GTE Automatic, for the purposes of Civ.R. 60(B)(1) relief, the neglect of the lawyer is imputed to the client, however:
 [i]t should be noted that this does not preclude the possibility that in an appropriate case other factors may also be present that entitle a party to relief under other sections of Civ.R. 60(B) * * * The grounds for relief in Civ.R. 60(B)(1) through (5) are in the disjunctive. 47 Ohio St.2d at 153, 351 N.E.2d at 117.
As it seems obvious that the judge did not grant Stickler relief from judgment under Civ.R. 60(B)(1), we now examine whether there is "any other reason justifying relief from judgment."
Civ.R. 60(B)(5), which allows the court to relieve a party from judgment for "any other reason," "is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,448 N.E.2d 1365, paragraph one of the syllabus. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." Id. at paragraph two of the syllabus.
In Whitt v. Bennett (1992), 82 Ohio App.3d 792, 613 N.E.2d 667
the court found that the lawyer's negligence attributable to the party under Civ.R. 60(B)(1) to be simple lapses and technical failures but other conduct by a lawyer can be of such an extraordinary nature that it constitutes "inexcusable neglect" under Civ.R. 60(B)(5). In Whitt, the lawyer failed to comply with a discovery order despite having the materials in hand, and he also failed to attend a hearing, after proper notice, on a motion to dismiss for failure to comply. This was found to be inexcusable neglect under Civ.R. 60(B)(5). In Hewitt v. Hewitt (Nov. 5, 1998), Cuyahoga App. No. 71098, 73448, unreported, this court found that failing to file a timely answer because of personal problems, waiting until the day before a hearing to seek leave to file an answer instanter and failing to appear in court for the divorce hearing without obtaining a ruling on the motion to file the answer or obtain a continuance, to be inexcusable negligence. In Rowe v.Metropolitan (Apr. 29, 1999), Cuyahoga App. No. 73857, unreported, the fact that a defendant's 82 year-old lawyer failed to appear at trial and could not be located six months later was considered inexcusable neglect for the purposes of Civ.R. 60(B)(5) relief.
In this case, Stickler's lawyer represented her both at the trial level and for this appeal, thus denying her the opinions of a third party on his professional acts and omissions. The record reflects the following: (1) Stickler's lawyer filed two complaints but failed to prevent commencement of one of the actions by instructing that no service be made upon the defendants in either jurisdiction; (2) he filed a Civ.R. 41(A)(1) dismissal of one complaint on March 19, 1997 with a certificate of service claiming service upon all attorneys of record dated March 7, 1997, when there were no other attorneys of record; (3) he failed to file an amended or supplemental complaint although granted leave to do so; (4) he failed to file with the court a copy of the Memorandum in Opposition to Metker's Motion to Dismiss which he apparently served upon Metker; (5) he failed to file with the court any copy of any Motion/Memorandum in Opposition to any of the motions to dismiss allegedly served upon the opposing attorneys; (5) failed to advise the court, when his telephone had been disconnected, how he could be reached; and (6) he did not file a Civ.R. 60(B) motion for relief until July 28, 1998. We cannot say the judge abused her discretion in finding that this lawyer's conduct constituted inexcusable neglect.
We next address whether Stickler's motion was filed within a reasonable time.
 Reasonableness is a mixed question of law and fact. It should be determined first by the trial court, which is in a far better position to weigh all the facts and circumstances, including the knowledge and opportunities available to appellants and the prejudice, if any, to appellee that would result from vacating the final order in his favor. Whitt, supra, 82 Ohio App.3d at 798.
Therefore, under the rather unusual circumstances presented in this case, we cannot say the judge abused her discretion in finding that the motion was filed within a reasonable time.
The third prong for relief from judgment, whether Stickler has a meritorious claim against any of the defendants, depends upon the value of the OSHA "Safety Narrative" and "Citation and Notification of Penalty" directed to Metker. Ohio Machinery and Breuer are correct in claiming that nothing contained therein can be considered the basis for a meritorious claim against either of them. The same, however, cannot be said for Metker in removing a safety guard from the chipper as that OSHA finding is the basis for a meritorious claim against the employer. Stickler's burden was to produce evidence to support her claims, not to prevail. Rowe v.Metropolitan, supra. We conclude, therefore, the judge did not abuse her discretion when she granted Stickler relief from judgment on the order dismissing her claims against Metker but erred in granting such Civ.R. 60(B) relief on the orders dismissing claims against Breuer and Ohio Machinery.
Judgment reversed as to Breuer and Ohio Machinery and affirmed and remanded as to Metker and Metker, Inc.
It is ordered that the parties share equally the costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________ ANNE L. KILBANE, JUDGE
 TIMOTHY E. McMONAGLE, P.J., AND PATRICIA ANN BLACKMON, J.,CONCUR
[1] The other defendants filed motions for extension of time to file a response to the motion to vacate the dismissals which the judge subsequently denied. However, Breuer filed its memorandum in response on August 21 and Ohio Machinery filed its memorandum in response on August 31, 1998.
[2] This entry was dated August 4, 1998, three days before the expiration of defendants' time to respond. See supra note 1.
[3] On August 28, 1998, Stickler filed a third complaint against all defendants which was consolidated with 329328 and stayed.
[4] This also apprised counsel that the judge had not seen the alleged "motion in opposition" to the motions to dismiss.
[5] We note that nothing in the record shows that any of the parties received notice, as required pursuant to Civ.R. 41(B)(1), that their failure to attend a pretrial would result in the dismissal either with or without prejudice. In addition, nothing in the record shows that the clerk's office issued notice of the pretrial, but Stickler accedes that counsel knew of the date.