**WHITT et al., Appellants,**

v.

**BENNETT, Appellee.**

[Cite as *Whitt v. Bennett* (1992), 82 Ohio App.3d 792.]

Court of Appeals of Ohio,
Montgomery County.

No. 13164.

Decided Sept. 25, 1992.

*Joseph J. Chillinsky*, for appellants.

*Mark J. Huller*, for appellee.

GRADY, Judge.

Plaintiffs Coyan D. and Jenetta Whitt appeal from the order of the trial court overruling their motion for relief from judgment pursuant to Civ.R. 60(B).

On February 27, 1986, the Whitts' vehicle was struck from the rear by a vehicle driven by appellee, Kent S. Bennett. The Whitts retained Attorney William Sams to obtain relief for their injuries and losses.

Attorney Sams filed a complaint, which he voluntarily dismissed on December 5, 1988. He refiled on March 9, 1989. Shortly thereafter, Sams was suspended from the practice of law. See *Dayton Bar Assn. v. Sams* (1989), 41 Ohio St.3d 11, 535 N.E.2d 298. Attorney David P. Strub was substituted as counsel for the Whitts on April 4, 1989.

Counsel for Bennett served several requests for discovery on Attorney Strub, including interrogatories and requests for production of documents. These requests were not answered. A motion to compel discovery was filed. On May 18, 1990, the trial court ordered plaintiffs to provide the requested discovery and execute authorizations for medical records, within seven days.

Though it now appears that the Whitts provided Attorney Strub with certain answers to interrogatories and authorizations ordered by the court, Strub failed to provide them to the defense, as ordered. Counsel for Bennett moved to dismiss. The court assigned the motion for hearing. Attorney Strub failed to attend the hearing. On July 13, 1990, the court dismissed plaintiffs' complaint, with prejudice.

On July 12, 1991, the Whitts, represented by other counsel, moved to vacate the judgment against them pursuant to Civ.R. 60(B). Affidavits attached to the motion set out the foregoing facts and showed that the Whitts were unaware of the failure of their counsel, who had assured them that their case would go to trial.

The trial court analyzed the motion under two sections of Civ.R. 60(B), the "excusable neglect" provision of section (1), and the "any other reason justifying relief from the judgment" provision of section (5). The court held that an attorney's failure to prosecute does not constitute "excusable neglect" and, under the rule of *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, is imputed to the client. The court rejected the alternate section, holding that "a party may not rely on the catch all provisions of 60(B)(5) to vacate a judgment based on attorney neglect. Rule 60(B)(1) is the applicable law. *Caruso–C[i]resi, Inc. v. Loh[m]an* (1983), 5 Ohio St.3d 64 [5 OBR 120, 448 N.E.2d 1365]." The court declined to follow the more lenient standards of the comparable provisions of F.R.Civ.P. 60(B)(6), and overruled the motion to vacate.

Plaintiffs have appealed, presenting a single assignment of error:

"The lower court erred in overruling plaintiffs' motion for relief from judgment."

Civ.R. 60(B) provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: *(1) mistake, inadvertence, surprise or excusable neglect;* (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; *or (5) any other reason justifying relief from the judgment.* The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does

not affect the finality of a judgment or suspend its operation." (Emphasis added.)

As with any motion for relief, the proponent has the burden of proof:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec. v. ARC Industries, supra,* paragraph two of the syllabus.

The gist of plaintiffs' argument on appeal is that they were the victims of the gross neglect of an attorney who abandoned his representation and, for that reason, their attorney's negligence should not be imputed to them. Plaintiffs further argue that such negligence could never be "excusable" under Civ.R. 60(B)(1), and so it may yet be grounds for relief under Civ.R. 60(B)(5).

 As a general rule, the neglect of a party's attorney will be imputed to the party for purposes of Civ.R. 60(B)(1). *GTE, supra; Argo Plastic Prod. Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 15 OBR 505, 474 N.E.2d 328. This general rule is founded on the view that the party, having " 'voluntarily chos[en] this attorney as his representative in the action, * * * cannot * * * avoid the consequences of the acts or omissions of this freely selected agent.' " *GTE Automatic Elec.,* 47 Ohio St.2d at 152, 1 O.O.3d at 89, 351 N.E.2d at 117, quoting from *Link v. Wabash RR. Co.* (1962), 370 U.S. 626, 633–334, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 739–740.

*Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 67, 5 OBR 120, 122, 448 N.E.2d 1365, 1367, held that a court which has denied relief pursuant to Civ.R. 60(B)(1) abuses its discretion when it considers the same grounds under Civ.R. 60(B)(5) "without additional operative facts before it." Further, in imputing to a party the neglect of his attorney for purposes of Civ.R. 60(B)(1), the court in *GTE Automatic Elec.* stated:

"It should be noted that this does not preclude the possibility that in an appropriate case *other factors may also be present that entitle a party to relief under other sections of Civ.R. 60(B),* notwithstanding the application of the rule. For example, there might also be fraud of an adverse party involved, in addition to the movant's inexcusable neglect, which would entitle the movant to relief under Civ.R. 60(B)(3). The grounds for relief in Civ.R.

60(B)(1) through (5) are in the disjunctive." (Emphasis added.) *Id.*, 47 Ohio St.2d at 153, 1 O.O.3d at 90, 351 N.E.2d at 117.

■ Civ.R. 60(B)(5) cannot be used as a substitute for any of the other more specific grounds in Civ.R. 60(B). *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 68 O.O.2d 251, 316 N.E.2d 469; *Caruso–Ciresi v. Lohman, supra.* However, that requirement does not preclude the use of Civ.R. 60(B)(5) on the basis of operative facts different from and/or in addition to those contemplated by Civ.R. 60(B)(1).

■ The record clearly demonstrates attorney neglect. Civ.R. 60(B)(1) is concerned with "excusable neglect." An attorney's failure to comply with an order compelling discovery when he has discovery materials in his possession and to attend a hearing on a motion to dismiss for failure to comply with that discovery order after proper notice is *in*excusable neglect. Such matters will be found wanting if weighed against the standard of Civ.R. 60(B)(1). However, they are matters different from the simple lapses and technical failures contemplated in that rule. They are matters of an extraordinary nature, which is the purview of Civ.R. 60(B)(5). *Adomeit v. Baltimore, supra.* Therefore, they are operative facts for relief from judgment pertinent to Civ.R. 60(B)(5) and may be considered for that purpose without violating the rule against substitution of grounds.

■ Appellants demonstrated through their affidavits that their attorney abandoned his representation of them. Such conduct, depending on the facts and circumstances, may constitute one of those "other factors" that take the motion out of Civ.R. 60(B)(1) and entitle a party to relief under another section of Civ.R. 60(B), *GTE Automatic Elec. v. ARC Industries, supra,* in this case, under section (5).

The trial court erred when it held that the operative facts demonstrated by appellants cannot be considered under Civ.R. 60(B)(5). Whether they are sufficient grounds for relief under that rule is, however, a matter for the determination of the trial court on remand.

■ We further conclude that the trial court erred in holding that the conduct of an attorney must be imputed to his client for purposes of Civ.R. 60(B). That requirement has been made concerning Civ.R. 60(B)(1). *GTE Automatic Elec. v. ARC Industries, supra; Argo Plastic Prod. Co. v. Cleveland, supra.* The grounds contemplated in that rule are ordinary in nature. The requirement has not been extended to the extraordinary circumstances contemplated in Civ.R. 60(B)(5). Upon a review of the facts and circumstances the court may find that the client is responsible for some measure of the failures concerned. However, fault should not automatically

798

be imputed when an attorney has grossly neglected a diligent client's case and misleads the client to believe that his interests are being properly handled.

Finally, appellee argues that the motion to vacate was not filed within a "reasonable" time, as required by *GTE Automatic Elec. v. ARC Industries, supra.* Appellee has not filed a cross-appeal, but a party who does not seek to change a judgment or order is not required to do so in order to defend on a ground other than that on which the trial court relied. See App.R. 3(C)(2), eff. July 1, 1992. The trial court did not address whether the motion was filed within a "reasonable" time.

Reasonableness is a mixed question of law and fact. It should be determined first by the trial court, which is in a far better position to weigh all the facts and circumstances, including the knowledge and opportunities available to appellants and the prejudice, if any, to appellee that would result from vacating the final order in his favor.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WILSON and BROGAN, JJ., concur.