I must respectfully, but vigorously, dissent from the analysis and conclusion put forth by the majority today. While it is the role of the courts to resolve matters on their merits, we may not strive to do so at the expense of the civil rules. Today, the majority concludes that the "best course of conduct is to let the trial commence * * *" but fails to acknowledge that the trial court had, in fact, already held an ex parte trial on the merits of this case on the day that appellee's counsel failed to appear.
In order to prevail on a relief from judgment, appellee had the burden before the trial court to timely present grounds for relief as set forth in Civ.R. 60 (B) and to present sufficient operative facts which, if found to be true, would constitute a meritorious defense. GTE, ante. Failure to establish any one of the three requirements is fatal to a claim for relief from judgment. Mount Olive Baptist Church v. Pipkins Paints (1979),64 Ohio App.2d 285, 287; Willis v. Peoples (Feb. 6, 1997), Cuyahoga App. No. 70535, unreported at 7. Here, I find that the trial court improvidently allowed relief from judgment where., two of the three elements required by GTE have not been demonstrated.
First, the majority today finds an inexcusable neglect "doctrine" is now a ground for relief from judgment pursuant to Civ.R. 60 (B) (5) and such neglect of counsel is not attributable to the party as it would be within Civ.R. 60 (B) (1). Thus, the majority, citing Whitt, ante, finds that appellee's counsel's failure to appear at trial falls within the purview of Civ.R. 60 (B) (5), that his counsel's neglect is not attributable to him, and that appellee is entitled to relief from judgment. Because I find the circumstances of Whitt to be distinguishable from those presented here, I do not agree.
It is well-settled that the conduct of an attorney will be imputed to his client for purposes of Civ.R. 60 (B) absent "extraordinary circumstances." I acknowledge that under certain circumstances, a trial court may find an attorneys conduct so extraordinary that it should not be imputed to his client. SeePence v. Smith (Nov. 7, 1994), Madison App. No. CA93-11-031, unreported; Thomas v. Knight (Apr. 21, 1994), Cuyahoga App. No. 66007, unreported. However, the decision of the majority today sets a dangerous precedent where, without any evidence of "extraordinary circumstances, " they find that trial counsels failure to appear for a scheduled trial is such extraordinary neglect that it is "inexcusable" and need not be imputed to the client. Whitt, quite simply, does not stand for this proposition.
In Whitt, the plaintiffs lost the opportunity to maintain their action for damages against the defendant because the trial court dismissed their case with prejudice after their attorney failed to comply with the courts order compelling discovery and he failed to appear at the court-ordered hearing on the defendants motion to dismiss the case for this failure. The plaintiffs moved the trial court pursuant to Civ.R. 60 (B) to vacate the dismissal; the motion was overruled by the trial court. The trial court determined that the operative facts demonstrated by the plaintiffs could not be considered under Civ.R. 60 (B) (5), finding that "a party may not rely on the catch all provisions of 60 (B) (5) to vacate a judgment based on attorney neglect."Whitt, supra, at 795. On appeal, the plaintiffs argued that the neglect of their attorney went beyond the "excusable neglect" as contemplated by Civ.R. 60 (B) (1). Thus, they argued, their counsel's neglect contituted one of the "other factors" that would take the motion out of 60 (B) (1) and entitle them to relief under 60 (B) (5). The court of appeals agreed and found the trial court erred in holding that the conduct of an attorneymust be imputed to his client for purposes of Civ.R. 60 (B). TheWhitt court found "that requirement does not preclude the use of Civ.R. 60 (B) (5) on the basis of operative facts different fromand/or in addition to those contemplated by Civ.R. 60 (B) (1)."Whitt, supra, at 797 (emphasis added). Further, the court found "[a[n attorney's failure to comply with an order compelling discovery when he has discovery materials in his possession and to attend a hearing on a motion to dismiss for failure to comply with that discovery order after proper notice is inexcusable neglect. Such matters will be found wanting if weighed against the standard of Civ.R. 60 (B) (1). However, they are matters different from the simple lapses and technical failures contemplated in that rule. They are, matters of an extraordinary nature which is the purview of Civ.R. 60 (B) (5)." The court of appeals then remanded the matter to the trial court for a determination of whether the conduct of Whitt's attorney might have constituted one of the "other factors" that would take the motion out of Civ.R. 60 (B) (1) and entitle the parties to relief pursuant to another section of Civ.R. 60 (B), as here section (5).
In this case, appellee claimed that he is justified in seeking relief pursuant to Civ.R. 60 (B) (5) because he was both "abandoned" by his counsel and denied the opportunity to present his defense due to his counsels failure to inform him of the trial date. Therefore, appellee claims that the judgment rendered against him should be vacated as "unjustified."
However, Civ.R. 60 (B) (5) cannot be used as a substitute for any of the other more specific grounds in Civ.R. 60 (B). Adomeitv. Baltimore (1974), 39 Ohio App.2d 97; Whitt v. Bennett (1992),82 Ohio App.3d 792, 797. The movant has the burden of showing that he is not using Civ.R. 60 (B) (5) as a substitute for a more specific provision of the rule. Taylor v. Haven (1993),91 Ohio App.3d 846; Dillard Davis v. Dillard (Nov. 13, 1997), Cuyahoga App. No. 72114, unreported.
Civ.R. 60 (B) (1) is concerned with providing relief for "excusable neglect." Neglect of a partys attorney will be imputed to a party for purposes of Civ.R. 60 (B) (1). GTE, ante.
This record demonstrates attorney neglect. Here, the record merely demonstrates that appellee's counsel failed to appear for trial. This court does not know why; the trial court did not know why. Thus, appellee's counsel's conduct may have been "excusable" within the meaning of Civ.R. 60 (B) (1) and constitute a ground for relief; or, without more evidence, counsel's simple failure to appear at a scheduled trial may be considered "inexcusable neglect" for which relief will not be granted.
However, if there are operative facts different from and/or in addition to those contemplated by Civ.R. 60 (B) (1), then Civ.R. 60 (B) (5) may be used as a substitute. Whitt, supra at 797. Here, the record demonstrates that appellee failed in the burden required by Whitt to demonstrate that, due to facts and circumstances, his counsel's conduct constituted some "other factor" that could take the motion for relief from judgment out of Civ.R. 60 (B) (1) and could potentially entitle him to relief under Civ.R. 60 (B) (5). Further, appellee failed to demonstrate that the actions of his counsel should not be imputed to him because of matters of an extraordinary nature" based on operative facts different from and/or in addition to those contemplated by Civ.R. 60 (B) (1).
In addition, appellee asserted that relief from judgment was justified pursuant to Civ.R. 60 (B) (5) because it was his counsel's fault that he was unable to present his defense at trial; however, the record fails to show that appellee was, in fact, "unaware of his trial date" nor did appellee deny having actual notice of the June 30, 1997 trial date. Therefore, from the evidence in the record, unlike the circumstances found inWhitt, it cannot be conclusively determined that appellee, himself, is not responsible for some measure of his own failure to appear at trial and present his own defense.
Accordingly, appellee failed to demonstrate that the neglect of his counsel should not be attributable to him and that this neglect constituted one of the "other factors" that could take the motion out of Civ.R. 60 (B) (1) and entitle him to relief pursuant to Civ.R. 60 (B) (5)
Second, I find that appellee failed to present sufficient operative facts which, even if found to be true, would constitute a meritorious defense to this action. Here, appellee's unsubstantiated allegations as put forth in his affidavits are convincingly outweighed by the testimony and the documentary evidence presented by appellant at the trial held on the merits of the case. Appellees assertions that no insurance existed due to appellants failure to perform some orally communicated "conditions precedent, " even if found to be true, would fail to constitute a meritorious defense to appellants insurance contract claims, which were supported by the written documents evidencing both the payment for insurance and the declaration of coverage. Thus, appellee failed to present sufficient operative facts to support a meritorious defense to the claims against him in the underlying action even if relief were to be granted pursuant to Civ.R. 60 (B).
Accordingly, I would find that the decision of the trial court which granted appellant's motion for relief from judgment, where two of the three elements required by GTE were not met, was unreasonable and, therefore, constituted an abuse of the trial court's discretion requiring reversal.