O P I N I O N
Appellants, Joseph and Nancy Mayor, are appealing from a March 14, 2000 judgment entry of the Trumbull County Court of Common Pleas denying their motion for relief from judgment.
Appellant's filed a complaint against appellees, WCI Steel, Inc. ("WCI") and Jacob Reis ("Reis"), on January 12, 1998. The essence of the complaint was that appellee Reis, who had supervised appellant, Joseph Mayor, at WCI, had, by his treatment of appellant, caused him substantial emotional harm, which resulted in appellant's constructive discharge from WCI. Appellees served their first set of interrogatories and request for production of documents on appellants on March 4, 1998. On May 28, 1998, appellants filed a motion for an extension of time to answer appellees' interrogatories. On August 4, 1998, appellees filed a motion to compel. The trial court granted appellees' motion on August 11, 1998. On September 13, 1998, appellees filed a "Motion to Dismiss and for Sanctions." Appellants filed a motion in opposition on October 6, 1998. The court granted appellees "Motion to Dismiss and for Sanctions" on December 11, 1998. Appellants then filed a motion for relief from judgment on November 3, 1999. The trial court's denial of this motion in its March 14, 2000 judgment entry prompted the current appeal.
Appellants have filed a timely appeal and raised the following assignment of error:
 "The trial [c]ourt erred in denying [a]ppellants' Motion for Relief from Judgment."
 Appellants contend that the trial court should have conducted a hearing prior to denying their motion for relief from judgment. We disagree.
A trial court abuses its discretion if it fails to hold a hearing on a Civ.R. 60(B) motion "where grounds for relief from judgment appear on the face of the record * * *." U.A.P. Columbus JV326132 v. Plum (1986),27 Ohio App.3d 293, 294. "[I]f movant's Civ.R. 60(B) motion contains allegations of operative facts warranting relief, the trial court should grant a hearing to take evidence and either discredit or verify these facts before ruling." Id. at 294-295.
For appellants to be entitled to relief, they must satisfy all three prongs of the test set forth in GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 150. They must demonstrate that (1) they have a meritorious claim or defense to present if relief is granted; (2) they are entitled to relief under Civ.R. 60(B); and (3) their motion was made within a reasonable time. Id. In our view, appellants have failed to meet the second prong of the GTE test; therefore, grounds for relief from judgment do not appear on the face of the record, and appellants are not entitled to a hearing on their motion.
The second prong of GTE requires appellants to demonstrate that they are entitled to relief under Civ.R. 60(B), which permits a court to relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied * * *, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment."
In their motion for relief from judgment submitted to the trial court, appellants argued that they had been abandoned by their attorney.[1]
While appellants claim that they did not communicate with their attorney between May 2, 1998 and October 1998, they acknowledged, in their depositions, that they had not initiated any written communication with him during that time. Further, as late as October 6, 1998, their attorney filed a motion in opposition to appellees' motion for dismissal. Therefore, we conclude that appellants' were not abandoned by their attorney.
The longstanding rule in Ohio is that that behavior of counsel should be imputed to his client. Schialdone v. Schialdone (Apr. 21, 1995), Trumbull App. No. 93-T-5007, unreported, at 3, 1995 Ohio App. LEXIS 1647, citing Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389 and Brown v. Akron Beacon Journal Publishing Co.
(1991), 81 Ohio App.3d 135. See, also, GTE, 47 Ohio St.2d at 153. However, pursuant to Civ.R. 60(B)(1), a party may be granted relief from judgment if counsel's actions represent "excusable neglect."
Depending on the facts and circumstances, examples of instances where a court might find excusable neglect, include the following: the party had neither knowledge nor notice of the pending legal action; counsel of record suffers from personal or family illness; and, counsel of record fails to appear for trial because he has not received notice of a rescheduled trial date. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,13; The Bluffs of Wildwood Homeowners' Assn., Inc. v. Dinkel (1994),96 Ohio App.3d 278, 281; Columbia Gas of Ohio v. Riley (1987),38 Ohio App.3d 151, paragraph two of the syllabus.
In Brown, the Ninth District Court of Appeals addressed, at length, the issue of to what extent an attorney's incompetence should be imputed to the attorney's client. In Brown, the appellant's attorney had failed to respond to the appellee's motion for summary judgment; therefore, the court entered a judgment in favor of the appellee. Brown,81 Ohio App.3d 135, 137. On appeal, the appellant, former Ohio Supreme Court justice, Clifford Brown, argued that his attorney's neglect should not be imputed to him. Id. at 139. In rejecting the appellant's argument, the court noted that the appellant "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."Id. at 140. The appellant further argued that his attorney had purposely misled him into believing that he had filed a timely response to the motion for summary judgment. Id. at 141. The Ninth District responded that the result promoted by the appellant was paradoxical: "He would have this court relieve him completely of his responsibility for his attorney's incompetence due to the latter's extreme misconduct. A similarly situated client who selected an equally inattentive — but more scrupulous — representative would still bear the costs of his counsel's neglect." Id. Finally, the court concluded that "vacating the judgment of the common pleas court at this late date would unfairly penalize those parties that have been diligently abiding by the procedural rules as well as set an ominous precedent." Id. at 142.
In view of the decision in Brown, we conclude that the facts of the case at hand, place it outside the realm of excusable neglect. The record shows that appellants' attorney failed, over the course of more than nine months, to adequately respond to appellees' first set of interrogatories and request for production of documents. This amounts to the kind of "`complete disregard of the judicial system'" that "should not * * * be tolerated under the guise of `excusable neglect.'" D.G.M., Inc. v.Cremeans Concrete Supply Co., Inc. (1996), 111 Ohio App.3d 134, 138. Therefore, in the instant case, Civ.R. 60(B)(1) is not applicable.
Since granting relief pursuant to Civ.R. 60(B)(1) is not appropriate, appellants' only remaining approach to a motion for relief from judgment would be through Civ.R. 60(B)(5): "any other reason justifying relief from judgment." The appellant in Brown argued, in the alternative, that he was entitled to relief from judgment under Civ.R. 60(B)(5). Id. at 142. The court rejected that argument, noting that the appellant's claim that his attorney was psychologically dysfunctional, rendering him incapable of performing his legal duties, would warrant relief from judgment only on the basis of excusable neglect. Id. at 142-143. Since the trial court had already determined that the attorney's behavior did not constitute excusable neglect, the appellant could not attempt to circumvent that ruling by resorting to Civ.R. 60(B)(5), the catch-all provision. Id. at 143.
Here, this court also rejects the suggestion that appellants can avoid having the actions of their attorney imputed to them by appeal to Civ.R. 60(B)(5). Generally, once an attorney's actions depart the realm of "excusable neglect," his negligence in representing his client, whether it be simple or gross, must be imputed to his client. To treat an attorney's neglect of his duties to his client as grounds for relief from judgment, regardless of whether it was excusable or inexcusable, would eviscerate Civ.R. 60(B)(1) with respect to the phrase "excusable neglect." However, under certain circumstances of egregious conduct on the part of counsel, this court would not rule out the possibility that in the event an attorney had abandoned his client, Civ.R. 60(B)(5) would be applicable. Abandonment would occur if the attorney were prohibited from practicing law by a disciplinary committee, or if the attorney refused to respond to communications from his client and failed to perform any work on behalf of his client, in which case the client would be without scienter.
Appellants, in the instant case, rely on Whitt v. Bennett (1992),82 Ohio App.3d 792. In Whitt, the Second District Court of Appeals held that an attorney's failure to attend a hearing on a motion to dismiss for failure to comply with a discovery order was potentially a matter of extraordinary nature, and that, in such circumstances, relief from judgment may be appropriate pursuant to Civ.R. 60(B)(5). Id. at 797. We decline to follow Whitt.[2] Treating attorney incompetence or inexcusable neglect, that fails to rise to the level of abandonment, as a reason justifying relief from judgment under Civ.R. 60(B)(5) would potentially open a Pandora's box with respect to motions for relief from judgment. This court is reluctant to place itself in the position of potentially rewarding civil litigants with relief from judgment because their attorneys refused to obey court orders or failed to appear at hearings. The appropriate remedy for such incompetence is a malpractice claim.
In sum, we believe that appellants have failed to satisfy the second prong of the GTE test, which requires them to demonstrate that they are entitled to relief pursuant to one of the five reasons enumerated in Civ.R. 60(B). Since the grounds for relief from judgment do not appear on the face of the record, the trial court was not required to hold a hearing prior to overruling appellants' motion.
For the foregoing reasons, appellants' assignment of error is without merit, and the judgment of the trial court is affirmed.
 ____________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., GRENDELL, J., concur.
[1] Appellants place substantial emphasis on the fact that the attorney who represented them before the trial court, until their case was dismissed, was subject to ongoing disciplinary proceedings. While the initiation of disciplinary proceedings by the Supreme Court of Ohio may reflect poorly on an attorney's character and should raise red flags for potential clients, short of disbarment, such proceedings do not immediately disqualify an attorney from the practice of law, nor are they necessarily indicative of professional incompetence. In the instant case, appellant's attorney was not disbarred while representing appellants. He was suspended on May 13, 1998; however, the suspension was stayed. The suspension was reimposed on February 2, 1999, and he was ordered to transfer all of his client files to the Cleveland Bar Association. However, this occurred almost two months after appellants' complaint had been dismissed on December 11, 1998.
[2] The Tenth District Court of Appeals has also held that it is "not persuaded by Whitt * * *." The Pool Man, Inc. v. Rea (Oct. 17, 1995), Franklin App. No. 95APG04-438, unreported, at 3, 1995 Ohio App. LEXIS 4577. In Pool Man, the appellee's attorney failed to appear at trial.Id. at 1. The court held that the negligence of the appellee's attorney should have been imputed to the appellee and his motion for relief from judgment overruled. Id. at 3.