OPINION
In this case, Gerald Office (Gerald) appeals from a trial court decision rejecting Gerald's motion for relief from judgment. In a single assignment of error, Gerald contends that the trial court abused its discretion by overruling the motion. After reviewing the record and the legal arguments of the parties, we find that the assignment of error is without merit. Accordingly, the judgment of the trial court will be affirmed.
The motion for relief from judgment arose in the context of the divorce case between Gerald and Lynn Office (now known as Lynn Fink). Gerald and Lynn separated in March, 1990, and the final divorce decree was filed on May 1, 1995. After Gerald appealed, we reversed the trial court decision in part. See Office v. Office (Jan. 17, 1997), Montgomery App. No. 15298, unreported. In particular, we held that the trial court had erred in treating interest income as both property and income. We also found error in the court's retention of jurisdiction over spousal support after Lynn's remarriage, and in the allocation of certain tax refunds as marital property. As a result, we remanded the case for recalculation of spousal and child support, and revision of the property division, insofar as the errors impacted those awards.
After remand, the parties filed an agreed entry on May 1, 1998, settling "all outstanding issues." In the entry, Gerald agreed to pay Lynn a total of $393,000, which included a $125,000 property settlement, child and spousal support of $175,000, and attorney fees of $93,000. Gerald also agreed to make periodic payments on the total amount, beginning in October, 1997 (before the order was filed), and continuing for a period of about five years.
On December 7, 1999, Lynn filed a motion for contempt, alleging that Gerald had been in default on the payments since December, 1998. Shortly thereafter, Gerald filed a motion for relief from judgment, asking for relief from several court orders, including the final divorce decree and the agreed entry of May 1, 1998. In the motion, Gerald contended that he should be granted relief under Civ.R. 60(B)(5), due to ineffective assistance of counsel during the divorce proceedings. As support for this claim, Gerald listed eight instances where his attorneys had given ineffective assistance.
After considering only the pleadings, the magistrate held that ineffective assistance of counsel was not a meritorious defense or claim under Civ.R. 60(B). Gerald then filed objections to the decision, claiming that he was entitled to a hearing on the issue, rather than simply a summary denial. Subsequently, the trial court held a hearing and allowed Gerald to present testimony. At that time, Gerald testified about several items of ineffective assistance.
First, Gerald claimed he had been told by trial counsel that the court would credit him with about $350,000 that was spent on his wife and children between the date of separation and the time the divorce was filed. Because of counsel's representation that he would "walk away" owing nothing, Gerald rejected favorable settlement offers from his wife.
Second, Gerald testified that he was not told that the court could order retroactive child and spousal support. Instead, he thought temporary support orders, fixing his obligations, had been entered. Third, Gerald claimed that non-recurring items, like liquidation of assets, were improperly included in his income. However, his attorneys did not bring this problem to the court's attention. Gerald also criticized his attorneys' failure to call a witness to prove that his wife's business was a marital asset. Further, Gerald alleged that his attorneys did not adequately litigate the issue of a $500,000 settlement his wife had received from Bank One.
According to Gerald, the above items amounted to almost a million dollars in assets that were improperly distributed. Gerald's final complaint was Lynn's receipt of his entire retirement account (an annuity of $100,000 yearly, for ten years), and a percentage of a business called Family Dining Concepts.
Gerald also presented testimony at the hearing from a local domestic relations attorney. This witness testified that Gerald's trial attorneys were ineffective because they led Gerald to believe that there would be no retroactive support. They were also ineffective because they told him he would be given credit for supporting his wife and children throughout the divorce. Additionally, the attorneys were ineffective because they did not bring the annuity and its proper value to the court's attention. Lynn did not present testimony at the hearing, but her attorney did cross-examine the witnesses. After the hearing, the trial court filed a decision overruling the objections to the magistrate's decision and dismissing the motion for relief from judgment. In its decision, the court agreed with Gerald that some issues might have been decided differently if they had been presented in another way at trial. However, the court also agreed with the magistrate that it had no power to offer the relief being sought.
We review the court's decision in this matter for abuse of discretion. As has been repeatedly noted, "`[a]n abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" Cuervo v. Snell (1998),131 Ohio App.3d 560, 565 (citation omitted).
As an initial point, we note that the trial court correctly decided to grant Gerald a hearing. In this regard, the Ohio Supreme Court has said that: "`[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'" Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19. If this matter had been simply dismissed on the pleadings, it could have been an abuse of discretion. However, the trial court avoided that potential problem by allowing Gerald to present his case.
Further, we think the court also acted correctly in rejecting the motion on its merits. Under Civ.R. 60(B), litigants may ask for relief from judgment for various reasons, including mistake, excusable neglect, newly discovered evidence, and fraud. Motions made under Civ.R. 60(B)(1),(2), or (3) must be filed within one year after the judgment or order being attacked. Because Gerald's motion was filed more than one year after the last order being contested, the only potential ground was Civ.R. 60(B)(5), which allows motions "for any other reason justifying relief from the judgment."
For many years, Ohio courts have applied the same test to decide if a motion for relief should be granted. Specifically, the movant must show that:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Gerald contends that he met the requirements of the rule because the unrefuted testimony at the hearing revealed that his attorneys were ineffective and "unjustly" represented him. Finally, Gerald says his motion was timely because it was filed within a year and three months after he stopped making payments pursuant to the agreed entry. According to Gerald, the delay was reasonable because he was out of money and lived in another state.
In GTE, the Ohio Supreme Court indicated that generally, "the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." Id. at paragraph four of the syllabus. Consequently, claims of attorney neglect will normally not provide a basis for setting a judgment aside. We also stressed in Whitt v. Bennett (1992),82 Ohio App.3d 792, that "Civ.R. 60(B)(5) cannot be used as a substitute for any of the other more specific grounds in Civ.R. 60(B)." Id. at 797. Therefore, even if Gerald's attorneys were ineffective, that would not be a basis for setting the judgment aside.
In Whitt, we did indicate that in certain extraordinary cases, an attorney's inexcusable neglect could provide operative facts "different from and/or in addition to those contemplated by Civ.R. 60(B)(1)." Id. at 797. For example, in Whitt, an attorney essentially abandoned his representation of clients, causing their case to be dismissed with prejudice. Id. Given the "extraordinary nature" of these circumstances, we concluded that such conduct could be one of the "other factors" that would remove a case from Civ.R. 60(B)(1) and entitle the party to relief under another subsection. Id.
We find no such circumstances in the present case. According to the testimony, Gerald has been represented by eight to ten different attorneys during the course of this litigation. No attorney abandoned the case. Even assuming the truth of all that was said at the hearing, the most that occurred was malpractice. However, the remedy for that is a malpractice action against the attorney. See, e.g., GTE, supra,47 Ohio St.2d at 152 (noting that "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice"). As we said in Whitt, the extraordinary nature of a particular case could justify relief under Civ.R. 60(B)(5). Unfortunately for Gerald, this is not such a case.
Based on the preceding discussion, the single assignment of error is overruled, and the judgment of the trial court is affirmed.
 __________ BROGAN, J.
WOLFF, P.J., and GRADY, J., concur.