This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Hector E. Mesas ("Mesas"), appeals from the judgment of the Lorain County Court of Common Pleas. We affirm.
{¶ 2} On November 2, 2001, LaSalle National Bank ("LaSalle") filed a complaint against Mesas relating to an alleged default in the payment of his mortgage. Thereafter, on December 21, 2001, LaSalle moved the trial court for a default judgment. The trial court granted default judgment in favor of LaSalle on January 15, 2002. On February 4 and 14, 2002, Mesas filed a motion to vacate and an amended motion to vacate pursuant to Civ.R. 60(B). The trial court denied the motion to vacate on March 12, 2002. This appeal followed.
{¶ 3} Mesas asserts one assignment of error:
 {¶ 4} "THE LOWER COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION FOR RELIEF UNDER CIV.R. 60(B)."
{¶ 5} In the assignment of error, Mesas asserts that the trial court erred in denying the Civ.R. 60(B) motion for relief from judgment. We disagree.
{¶ 6} An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 7} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate the following:
 {¶ 8} "(1) the party has a meritorious defense or claim to present if relief is granted;
 {¶ 9} (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and
 {¶ 10} (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
{¶ 11} If any of these requirements is not satisfied, the trial court should deny the motion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
{¶ 12} Civ.R. 60(B) states in pertinent part:
 {¶ 13} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 {¶ 14} (1) mistake, inadvertence, surprise or excusable neglect;
{¶ 15} * * *
 {¶ 16} (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
{¶ 17} * * *
 {¶ 18} (5) any other reason justifying relief from judgment."
{¶ 19} Without deciding whether Mesas has a meritorious defense or claim to present if relief is granted, we will begin our inquiry by determining whether Mesas showed operative facts entitling him to relief pursuant to one of the grounds stated in Civ.R. 60(B)(1) through (5). Mesas suggests that either Civ.R. 60(B)(1), (3), or (5) apply to the present case.
{¶ 20} With regard to Civ.R. 60(B)(1), there is no bright line test for determining whether a party's reasons for failure to enter an appearance constitute mistake, inadvertence, or excusable neglect. Shannonv. Shannon, 4th Dist. No. 00CA46, 2001-Ohio-2588, citing to D.M.G., Inc.v. Cremeans Concrete Supply Co. (1996), 111 Ohio App.3d 134, 138. Civ.R. 60(B), a remedial rule that must be liberally construed, attempts to strike a balance between the conflicting principles that litigation must be brought to an end and that justice should be done. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 79, quoting Colley v. Bazell (1980),64 Ohio St.2d 243, 248. "The neglect of an individual to seek legal assistance after being served with court papers is not excusable."Casalinova v. Solaro (Sept. 27, 1989), 9th Dist. No. 14052. Furthermore, the failure to plead or respond after admittedly receiving a copy of a complaint is generally not excusable neglect. Shannon, supra.
{¶ 21} In the present case, Mesas acknowledged that he received the complaint but alleged in his motion that he failed to answer LaSalle's complaint due to mistake, surprise and ignorance. He did not elaborate any further with regard to this assertion nor did he submit any evidentiary support. Upon reviewing the evidence, we find that Mesas admittedly received the complaint but took no action until after default judgment was rendered against him. Mesas' conduct does not constitute mistake, inadvertence, surprise, or excusable neglect pursuant to Civ.R. 60(B)(1).
{¶ 22} With regard to Civ.R. 60(B)(3), "[i]n order to set aside a final Judgment [sic.] for fraud, misrepresentation or other misconduct of the adverse party, the conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense."Tower Mgmt. Co. v. Barnes (Aug. 7, 1986), 8th Dist. No. 51030, citing toRozier v. Ford Motor Co. (C.A.5, 1978), 573 F.2d 1332, 1339. Further, the fraud or misconduct referred to in Civ.R. 60(B)(3) is fraud or misconduct material to obtaining the judgment, not fraud or misconduct upon which a claim or defense is based. Fifth Third Bank of W. Ohio v. Thorn (Feb. 23, 1994), 2nd Dist. No. 93-CA-19.
{¶ 23} In the motion, Mesas appeared to assert that he was entitled to relief pursuant to Civ.R. 60(B)(3) because his loan was readjusted several times within a relatively short period of time, his settlement costs and expenses increased, and he was charged for insurance that he did not need. With regard to these assertions, Mesas attached uncertified copies of loan documents and other papers relating to the mortgage.
{¶ 24} Our review of the record reveals that Mesas has fallen short of proving that he has met the requirement for Civ.R. 60(B)(3). Although he made several allegations, Mesas did not present sufficient evidence from which the trial court could have properly concluded that the default judgment was procured through fraud, misrepresentation, or other misconduct of an adverse party. Also, Mesas did not present any evidence that he was prevented from fully and fairly presenting his case or that there was any fraud or misconduct in the course of obtaining the judgment against him. See, generally, Tower Mgt. Co., supra; see, also, generally, Fifth Third Bank of W. Ohio, supra. Moreover, with regard to Civ.R. 60(B)(3), Mesas appears to also assert that he is entitled to relief because he was not in default when the complaint was filed. As pertinent to this assertion, Mesas did not allege any fraud, misrepresentation, or other misconduct of an adverse party, nor did he state why he was entitled to relief. Rather, in the motion, Mesas merely stated that he was not in default without elaborating any further. This court notes that this assertion alone does not demonstrate that he was entitled to relief pursuant to Civ.R. 60(B)(3).
{¶ 25} Civ.R. 60(B)(5) should be used only in extraordinary and unusual cases when the interests of justice warrant it. Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 105. It should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). Whitt v. Bennett (1992), 82 Ohio App.3d 792, 797; see, also,Antonpoulos v. Eisner (1972), 30 Ohio App.2d 187, paragraph two of the syllabus. In the motion, Mesas failed to point to any facts that would entitle him to relief under this section. He alleged no specific reasons justifying relief but simply stated that he was entitled to relief pursuant to the attached documents. Regarding this assertion, he appeared to rely on facts relating to his allegations made pursuant to Civ.R. 60(B)(1) and (3). In light of his limited argument, Mesas has not demonstrated that he was entitled to relief pursuant to Civ.R. 60(B)(5).
{¶ 26} As Mesas has failed to demonstrate that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), his assertion that the trial court erred in denying the Civ.R. 60(B) motion for relief from judgment is without merit. The assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.