OPINION
{¶ 1} Defendant-appellant, Mary Jean Jamison, appeals from a decision and entry of the Franklin County Court of Common Pleas denying her motion for relief from judgment and her motion for stay. Appellant sought relief from a default judgment which the trial court entered in favor of plaintiff-appellee, John J. Connors, Jr., who had sued appellant and related defendants-appellees ("defendants") for damages arising out of a failed real estate development transaction.
 {¶ 2} Appellee initiated his action on June 6, 2002, and service of process was obtained June 11, 2002. When no answer was made by July 11, 2002, appellee filed a motion for default judgment. That same day appellant's counsel mailed an answer to appellee's counsel, which appellee's counsel received on July 12, 2002, but which was not filed with the court until July 22, 2002. Appellee followed with a motion to strike appellant's answer as having been filed out of rule.
 {¶ 3} On August 8, 2002, the trial court entered notice of application of default judgment, and the matter was set for non-oral hearing. On August 23, 2003, the court entered judgment granting appellee's motions to strike defendants' answers, and granted appellee's motion for default judgment. The court then journalized an entry granting default judgment on September 25, 2002, and set the damages hearing for October 23, 2002. After appellant's counsel and the other defendants failed to make an appearance at the damages hearing, the court entered judgment against the defendants jointly and severally in the amount of $77,279.
 {¶ 4} Appellant claims she learned of this judgment in late January 2003, when she was served with notice for a judgment debtor examination. She moved to set aside the default judgment by filing a Civ.R. 60(B) motion, which the trial court denied in June 2003. Appellant now assigns the following as error:
The rule presently promulgated by this court which holds that the malpractice of counsel does not constitute excusable neglect under Civil Rule 60(B)(1) and further does not fall within the "catch-all" provisions of civil rule 60(b)(5), and which required the trial judge to overrule appellant's motion for relief from judgment must be reversed or modified.
 {¶ 5} Civ.R. 60(B) provides, in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. * * *
 {¶ 6} To prevail on a motion for relief from judgment, the movant must demonstrate the existence of a meritorious defense or claim to present should relief be granted; entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, that the motion is made within a reasonable time and, in the case of Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment was entered. GTE Automatic Elec. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146.
 {¶ 7} In GTE, the defendant failed to plead or otherwise defend and default judgment was entered in favor of the plaintiff. The defendant did not appear for a judgment debtor examination, and the trial court put on an order attaching defendant's funds. In its motion to vacate the default judgment, the defendant claimed it had given the complaint to counsel, whose neglect had resulted in the default judgment. Although the trial court held that the neglect of counsel should not have been imputed to the defendant, the appellate court disagreed, following the federal rule that the attorney's conduct should be imputed to the client so that defendant was not entitled to Civ.R. 60(B) relief. The Ohio Supreme Court affirmed, finding that the conduct of the attorney and the defendant, "[t]aken together, * * * reveals a complete disregard for the judicial system and the rights of the appellee. This is not excusable neglect." Id. at 153.
 {¶ 8} The facts in the case at bar are substantially similar to those in GTE. Nevertheless, appellant argues that the neglect of counsel in this case constitutes the type of extraordinary circumstance justifying relief from judgment under the "catch-all" provision of Civ.R. 60(B)(5), and cites the decision of the Second District Court of Appeals in Whitt v.Bennett (1992), 82 Ohio App.3d 792.
 {¶ 9} In Whitt, the plaintiffs' complaint was dismissed with prejudice after their original counsel was suspended from the practice of law and their substitute counsel failed to comply with discovery orders. The trial court, following GTE,
overruled the plaintiffs' Civ.R. 60(B) motion on the basis that only Civ.R. 60(B)(1), not 60(B)(5), may be used to vacate a judgment based upon attorney neglect. The appellate court reversed, acknowledging the Supreme Court's statement in GTE
that even where there is attorney neglect "other factors may also be present that entitle a party to relief under other sections of Civ.R. 60(B)." GTE, at 153. Thus, the Whitt court opined that "fault should not automatically be imputed when an attorney has grossly neglected a diligent client's case and misleads the client to believe that his interests are being properly handled." Id. at 797-798. Nevertheless, the court in Whitt did not conclude that the attorney's misconduct under those facts was definitely grounds for relief, instead remanding to the trial court to determine whether the attorney neglect would qualify as a matter of extraordinary nature justifying relief under Civ.R. 60(B)(5). See Whitt, at 797.
 {¶ 10} Appellant advances several arguments in support of her claim that the facts of this matter support the "extraordinary circumstances" exception to the rule in GTE. Thus, she argues that a possible lack of malpractice insurance can leave a party victimized by attorney neglect unless relief from judgment is granted, granting relief and trying the case is preferable to additional litigation fomented by malpractice suits and Civ.R. 60(B) appeals, and that the client's poor choice of counsel could be deemed excusable neglect, even if counsel's own misconduct would not qualify.
 {¶ 11} Despite these considerations, the trial court in the case at bar determined that appellant's attorney's failure to timely file documents with the court, make an appearance at scheduled hearings, or keep appellant informed of the progress of her case, was not excusable neglect and did not derive from extraordinary circumstances justifying relief from judgment and, therefore, did not satisfy the requirements of GTE. These were questions of fact which, absent a finding of an abuse of discretion, this court will not disturb on appeal. See Griffeyv. Rajan (1987), 33 Ohio St.3d 75, 77. Because the facts in this case were so similar to those in GTE, we do not conclude the trial court abused its discretion in concluding that counsel's conduct did not constitute excusable neglect nor was it grounds for relief under Civ.R. 60(B)(5). Therefore, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and Sadler, J., concur.