[Cite as *Maynard v. Miller*, 2017-Ohio-834.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JASON C. MAYNARD | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| PAULA MILLER, AKA LANDON | : | Case No. 16CA0001 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                        Pleas, Juvenile Division, Case No.
                                                        9836


JUDGMENT:                                      Affirmed


DATE OF JUDGMENT:                       March 8, 2017


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

JON JENSEN                                      RICHARD L. CROSBY III
19 East High Street                            600 Vine Street
P.O. Box 189                                     Suite 2650
Mt. Gilead, OH  43338                       Cincinnati, OH  45202

*Wise, Earle, J.*

{¶1}   Defendant-Appellant, Paula Miller, aka Landon, appeals the February 10, 2016 judgment of the Court of Common Pleas of Morrow County, Ohio, Juvenile Division, granting the Civ.R. 60(B) motion of Plaintiff-Appellee, Jason Maynard.

FACTS AND PROCEDURAL HISTORY

{¶2}   Appellant and appellee are the parents of a child born June 6, 1997. Paternity was established via an administrative paternity determination.

{¶3}   The parties eventually separated.  On September 26, 2000, appellee filed a complaint to establish companionship.  By judgment entry filed December 18, 2000, appellee was granted companionship, and a companionship schedule was established.

{¶4}   On April 2, 2001, appellee filed a motion to modify parental rights and responsibilities.  On December 7, 2001, appellee filed a motion for shared parenting.  On April 9, 2002, appellant filed a motion for child support, requesting that the child support determination made by the Morrow County Child Support Enforcement Agency (hereinafter "MCCSEA") be made retroactive from the date of the administrative findings. A hearing before a magistrate was held on April 22, 2002.  By decision filed October 4, 2004, the magistrate denied appellee's motions, and ordered him to pay child support in the amount of $479.42 per month, commencing on April 1, 2002.   Appellee filed objections.  By journal entry filed September 12, 2006, the trial court denied the objections and approved and adopted the magistrate's decision.

{¶5}   On February 1, 2010, appellee filed a motion to modify child support due to a substantial and material decrease in his earnings.  On April 8, 2010, a temporary order was filed stating the parties had agreed to a temporary child support order on April 6,

2010, decreasing appellee's child support obligation from $479.42 per month to $213.73 per month. A final hearing was scheduled for July 13, 2010, and then rescheduled for October 25, 2010.

{¶6} The next filing in the docket is an April 4, 2012 magistrate's order, instructing appellee's attorney to prepare and submit an agreed journal entry on the child support issue within ten days or the case would be dismissed pursuant to Civ.R. 41(B)(1). By journal entry filed April 17, 2012, the trial court determined the agreed entry had not been filed and therefore dismissed the case.

{¶7} On February 6, 2015, appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellee claimed he was unaware the agreed journal entry had never been filed until he was informed of a child support arrearage in the amount of $13,929.00. The arrearage arose from MCCSEA deeming appellee's child support obligation to be $479.42 per month from April 1, 2010, due to the trial court's April 17, 2012 dismissal of the case. On May 15, 2015, appellant filed a motion contra, claiming appellee's motion was untimely, failed to demonstrate grounds for relief from judgment, and failed to identify a meritorious defense. A hearing was held before a magistrate on November 18, 2015. By decision filed December 7, 2015, the magistrate granted the Civ.R. 60(B) motion and ordered the recalculation of appellee's child support obligation to conform to the April 6, 2010 agreed amount of $213.73, to run from April 1, 2010 to June 7, 2015. Appellant filed objections. By judgment entry filed February 10, 2016, the trial court approved and adopted the magistrate's decision.

{¶8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶9} "PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER CIV. RULE 60(B) OR DUE TO EQUITY, AS HIS MOTION IS UNTIMELY, FAILS TO DEMONSTRATE GROUNDS FOR RELIEF UNDER THE AFOREMENTIONED CIVIL RULE AND PLAINTIFF FAILED TO SHOW A MERITORIOUS DEFENSE."

II

{¶10} "MAGISTRATE FAILED TO STRIKE PLAINTIFF'S BRIEF DESPITE THE BRIEF NEVER BEING FILED ACCORDING TO THE OHIO RULES OF CIVIL PROCEDURE."

III

{¶11} "MAGISTRATE FAILED TO PRESERVE THE RECORD THROUGH A RECORDING OR COURT REPORTER DESPITE DEFENSE COUNSEL'S REQUEST."

I

{¶12} Appellant claims the trial court erred in granting appellee's motion for relief from judgment as the motion was untimely, failed to demonstrate grounds for relief, and failed to identify a meritorious defense. We disagree.

{¶13} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶14} Civ.R. (60)(B) states the following:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one

year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶15} In his motion for relief from judgment filed February 6, 2015, appellee claimed he was unaware that his trial counsel had failed to file the agreed entry as ordered to do so by the trial court until September 2014 when he was informed by MCCSEA of his outstanding arrearage. Attached to his motion was the April 8, 2010 temporary order and his affidavit, averring the following:

1. On April 6, 2010 I entered into an agreement with my former spouse Paula Landon that my child support would be modified from $479.42 per month to $213.73 per month.

2. On July 13, 2010 the Court conducted a final hearing in which the agreement from April 6, 2010 was to be adopted into a final Judgment Entry.

3. Mark Adams, my attorney in 2010, advised me that he had completed the final Judgment Entry modifying my child support.

4. I had no knowledge until September of 2014 that Mr. Adams had failed to prepare the Judgment Entry and that my case was dismissed causing me to owe child support arrearages.

5. I believe that Mark Adams made misrepresentations to me about the work that he had done on my behalf and that I am a victim of his fraudulent behavior.

{¶16}  In his trial brief filed August 7, 2015, appellee alleged a violation of Civ.R. 60(B)(4), "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or is no longer equitable that the judgment should have prospective application."  As argued by appellee, in *Knapp v. Knapp,* 24 Ohio St.3d 141, 146, 493 N.E.2d 1353 (1986), the Supreme Court of Ohio explained Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control."  Appellee argued the following in his trial brief at 4:

In this matter the Plaintiff, Jason Maynard, had no opportunity to forsee (sic) or control the outcome of his case in that his counsel, Mark Adams, deceived him into believing that his child support case had been handled.  Plaintiff believed that his counsel, Mark Adams, had followed up on the Temporary Order filed herein on April 6, 2010 and timely filed a final Judgment Entry after April 10, 2012.

{¶17}  Generally, "the neglect of a party's attorney will be imputed to the party for purposes of Civ.R. 60(B)(1)."  *Whitt v. Bennett,* 82 Ohio App.3d 792, 796, 613 N.E.2d 667 (2nd Dist.1992).  "However, fault should not automatically be imputed when an attorney has grossly neglected a diligent client's case and misleads the client to believe that his interests are being properly handled" under a Civ.R. 60(B)(5) analysis.  *Id.* at 797-798.

{¶18}   A hearing before a magistrate was held on November 18, 2015.  By decision filed December 7, 2015, the magistrate found the parties, through counsel, had agreed to a reduction of child support and a temporary order was filed on April 6, 2010, modifying appellee's child support obligation to $213.73 per month commencing April 1, 2010 (Finding No. 4).  The magistrate also noted the trial court's April 17, 2012 dismissal entry "made no reference to its Temporary Order dated April 6, 2010 and made no finding that it was either modified or vacated" (Finding No. 13).  The magistrate further found the following in Finding Nos. 14-16:

14. Attorney, Mark Adams, turned in his license to practice law in 2014 and he has been indicted on numerous theft judges (sic).  The criminal charges against Mark Adams are pending in the Morrow County Court of Common Pleas.

15. The Defendant seeks to enforce the judgment filed herein on September 1, 2006 that set Plaintiff's child support at $470.02 per month which would result in a child support arrearage of $19,887 for the Plaintiff.

16. It would not be equitable to enforce the September 1, 2006 Judgment Entry in that it would result in an undeserved windfall for the Defendant based upon the failure of Plaintiff's attorney to simply submit an Agreed Judgment Entry in April of 2012 adopting the findings of the Temporary Order filed herein on April 6, 2010.

{¶19} In overruling appellant's objections to the magistrate's decision, the trial court concluded the following:

The plaintiff's motion for relief from judgment is granted. The provisions of the parties (sic) agreement contained in the temporary orders of April 6, 2010 will be enforced as an order of this Court. It would be inequitable to enforce a child support order, based on the parties (sic) current income at the time, that the parties clearly intended to modify. The failure to perfect the parties (sic) agreement was due to the failure of the plaintiff's attorney to provide the Court with a final judgment entry.

{¶20} In appellee's affidavit as cited above, uncontested by appellant, he averred he discovered in September 2014 that his attorney had failed to prepare the agreed judgment entry and the matter had been dismissed. Appellant then secured new counsel and filed his Civ.R. 60(B) motion on February 6, 2015. We find the motion was filed within a reasonable time.

{¶21} Also in his affidavit, appellee averred his attorney had "advised me that he had completed the final Judgment Entry modifying my child support," when in fact he did not. Appellee could not foresee or control the MCCSEA assigning child support in the amount of $479.42 per month after the April 8, 2010 temporary order lowered his obligation to $213.73; an order that had never been modified or vacated. We find appellee demonstrated he had a meritorious defense and he was entitled to relief under Civ.R. (60)(B)(4). In addition, we concur with the trial court that it would be inequitable to enforce

the original child support order.  Appellant would receive a windfall not contemplated by the parties given their agreement in April 2010.

{¶22}  Upon review, we find the trial court did not abuse its discretion in granting the motion for relief from judgment.

{¶23}  Assignment of Error I is denied.

## II, III

{¶24}  Appellant claims the magistrate erred in failing to strike appellee's August 7, 2015 trial brief, and failed to preserve the record by not recording the in chambers discussion on the issue.  We disagree.

{¶25}  Appellee filed his Civ.R. 60(B) motion on February 6, 2015.  Appellant filed her motion contra on May 15, 2015.  By notice filed June 29, 2015, a final hearing was scheduled for August 7, 2015.

{¶26}  In the record is appellee's trial brief with a stamped filing date of August 7, 2015.  Appellant argues she never received a copy of the brief and challenges the brief's filing date, claiming the Clerk's Office backdated and stamped the brief August 7, 2015.  Following appellee's trial brief in the record is "Magistrate's Orders" filed August 11, 2015, indicating a hearing took place on August 7, 2015, and appellee's counsel was to "file a brief within (10) days of the date of this Order addressing the issue of proper notice."  The magistrate gave appellant's counsel until September 18, 2015, to respond.

{¶27}  On September 17, 2015, appellant filed a motion to extend the time to file her trial brief "by three weeks and to reset the trial date accordingly."  By order filed October 1, 2015, the trial court extended the brief time to October 16, 2015, and reset the final hearing for November 17, 2015.  Appellant filed her trial brief on October 2, 2015.

The final hearing was held on November 18, 2015. In her decision filed December 7, 2015, the magistrate indicated she reviewed appellee's motion and the briefs submitted by both parties, as well as a motion for summary judgment filed by appellant on November 5, 2015.

{¶28} We find appellant has not demonstrated any prejudice to the complained of filing. In fact, the magistrate afforded appellant ample opportunity to respond and rescheduled the final hearing accordingly. Appellant even had time to file a motion for summary judgment before the final hearing which the magistrate reviewed.

{¶29} The failure to record the discussion in chambers on the striking of appellee's trial brief during the August 7, 2015 hearing is inconsequential given the opportunities afforded appellant to respond and be heard.

{¶30} Upon review, we find the magistrate did not err in failing to strike appellee's trial brief and failing to record the discussion in chambers.

{¶31} Assignments of Error II and III are denied.

{¶32} The judgment of the Court of Common Pleas of Morrow County, Ohio, Juvenile Division is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Wise, John, J. concur.

EEW/sg 224